NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERRICK L. YOUNG,<br><br>     Plaintiff,<br><br>     v.<br><br>T. CONYERS, *et al.*,<br><br>     Defendants. | Civil Action No. 24-9842 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Plaintiff Errick Young's Complaint (ECF No. 1), filed on October 16, 2024. On January 30, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5.) The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court dismisses the Complaint without prejudice and provides Plaintiff leave to submit an amended complaint within forty-five (45) days.

**I.     BACKGROUND**

On October 16, 2024, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Transport Officers ("T.O.") T. Conyers, K. Meades, and John Does 1-10. (ECF No. 1.) Plaintiff is currently confined at South Woods State Prison in Bridgeton, New Jersey. (*Id.* at 3.)[1] Plaintiff alleges that on June 28, 2022, the Central Transport Unit transported him to the

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

courthouse by way of medical van. (*Id.* at 6.) Plaintiff contends that T.O. Conyers instructed him to sit in a wheelchair but failed to secure him with a seatbelt. (*Id.*) Plaintiff asked T.O. Conyers why he placed him in a wheelchair, to which T.O. Conyers responded that there were no other seats available and that they would make it to the courthouse on time. (*Id.*) T.O. Meades, who was also present in the medical van, further stated "we'll be there before you even know it." (*Id.*) As the medical van began travelling, T.O. Meades, the driver of the van, "drove recklessly weaving in and out of lanes [] to avoid hitting a vehicle in front." (*Id.*) T.O. Meades ultimately slammed on the brakes, which caused Plaintiff to be launched out of the wheelchair, resulting in head, neck, and back injuries.[2] Plaintiff seeks compensatory damages for his injuries and punitive damages to deter Defendants from similar conduct. (*Id.* at 7.)

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when the prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA requires courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court accepts all well-pleaded facts as true, draws

---

[2]    Plaintiff does not provide any further detail regarding the extent of his injuries. However, Plaintiff alleges that he has been requesting documentation of his injuries as of December 18, 2022 and has yet to receive records. (ECF No. 1 at 7.)

2

all reasonable inferences in the plaintiff's favor, and reads the complaint liberally. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    **DISCUSSION**

Plaintiff brings his civil rights claims against the individual Defendants pursuant to 42 U.S.C. § 1983, which provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . [.]

To state a claim for relief under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Plaintiff alleges T.O. Conyers failed to secure him in the wheelchair in the medical van and T.O. Meades drove recklessly. (ECF No. 6-7.) Because Plaintiff does not specify the nature of the alleged constitutional violation to which the conduct pertains, the Court liberally construes the Complaint as asserting Eighth Amendment claims for failure to protect his health and safety and excessive force. *See Wheelerweaver v. Targgart*, Civ. No. 23-22617, 2024 WL 3371355, at *4 (D.N.J. July 11, 2024) (citing *McKinney v. Lanigan*, Civ. No. 18-8618, 2022 WL 10075302, at *5 (D.N.J. Oct. 17, 2022); *Pagliaroli v. N.J. Dep't of Corr.*, Civ. No. 18-12412, 2023 WL 1419700, at *3, 6 (D.N.J. Jan. 31, 2023) (collecting cases applying either a deliberate indifference to health or safety or excessive force standard to a "rough ride" Eighth Amendment claim)).

3

The deliberate indifference standard is a two-pronged test which requires the following: (1) The prisoner must be exposed to "a substantial risk of serious harm," and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837–38 (1994). Deliberate indifference requires "more than mere negligence" but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. The Supreme Court has stated that "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. Moreover, in excessive force cases, courts generally determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

While the Third Circuit has not weighed in on the facts necessary to assert a deliberate indifference claim based on prisoner transportation, there are a number of cases this Court finds instructive based on the facts alleged here. *See Wheelerweaver*, Civ. No. 23-22617, 2024 WL 3371355, at *5; *see also e.g.*, *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) (holding that the "absence of seatbelts on inmates bus transport," without more, does not constitute deliberate indifference in violation of the Eighth or Fourteenth Amendments); *Baughman v. Hickman*, 935 F.3d 302, 308 (5th Cir. 2019) (finding that despite "the van being driven with rapid speed changes" and the plaintiff being "thrown from his seat," this was "not evidence of driving in a manner creating a substantial risk of serious harm"); *Rodriguez v. Court Sheriff Official*, Civ. No. 19-605, 2019 WL 883790, at *2 (E.D. Pa. 2019) (finding that the plaintiff had failed to plausibly allege deliberate indifference because the plaintiff only alleged reckless driving); *but see Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008) (holding that because the plaintiff was prevented from securing his own seatbelt after multiple requests to be secured with a seatbelt coupled with the

4

driver recklessly driving and ignoring the plaintiff's request to slow down, a reasonable jury could conclude that there was deliberate indifference).

Here, Plaintiff alleges T.O. Conyers failed to secure him in the wheelchair inside the medical van and T.O. Meades drove recklessly, causing Plaintiff's injuries. (ECF No. 6-7.) Although Plaintiff's allegations could support a potential negligence claim, Plaintiff does not provide sufficient facts for this Court to infer that either T.O. consciously or intentionally disregarded a substantial risk of serious harm or acted maliciously with the purpose of causing Plaintiff harm. *See Wheelerweaver*, Civ. No. 23-22617, 2024 WL 3371355, at *5 (finding same). Plaintiff does not allege that he requested a seatbelt and his requests were ignored. Plaintiff's allegations regarding reckless driving alone are insufficient to suggest that either T.O. acted intentionally or ignored a substantial risk to Plaintiff's health or safety. Therefore, the Court will dismiss Plaintiff's Complaint without prejudice. The Court will provide Plaintiff with leave to amend the Complaint if he can provide additional facts to suggest that these Defendants violated his constitutional rights.

## IV.    CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's Complaint without prejudice.

Dated: July 27, 2026

GEORGETTE CASTNER, U.S.D.J.

5